**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | |
|---|---|
| ASHLEY CHANDLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 9:22-cv-01969-DCN |
| vs. ) | |
| ) | **ORDER** |
| TECHNICAL COLLEGE OF THE ) | |
| LOWCOUNTRY, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

The following matter is before the court on plaintiff Ashley Chandler's ("Chandler") motion for reconsideration, ECF No. 23. For the reasons set forth below, the court denies the motion.

## I. BACKGROUND

Defendant Technical College of the Lowcountry ("TCL") is a publicly-funded technical college that trains and educates individuals seeking licensure to practice nursing in South Carolina. The nursing program requires students to complete certain program-specific clinicals. Chandler was enrolled in TCL's nursing program and was assigned to complete a clinical scheduled to begin on June 14, 2022, at one of TCL's clinical partners, Memory Matters. Memory Matters had a policy requiring vaccination against COVID-19 that did not allow for exemptions. Chandler alleges that she has a valid medical and religious exemption to COVID-19 vaccine mandates pursuant to S.C. Act No. 142, entitled "Vaccine Mandates." According to Chandler, TCL and Memory Matters did not accommodate her exemptions by permitting her to attend her clinical in person or by providing an alternative virtual experience.

1

On May 9, 2022, Joey Swearingen, Dean of Heath Sciences at TCL, informed Chandler, "[s]ince the clinical site [Memory Matters] is not allowing exemptions, you will need to decide whether you are willing to meet the aforementioned clinical requirement, which is required for you to progress through this course and the nursing program." ECF No. 5-2.  Thereafter, Chandler retained legal counsel to attempt to negotiate an agreement with either TCL or Memory Matters that would allow her to complete her nursing program and graduate.

On June 13, 2022, the day before Chandler was initially scheduled to attend her required clinical, Memory Matters sent Chandler correspondence indicating that it had reconsidered and was "allowing a one-time COVID-19 religious exemption to Ms. Chandler such that she can attend programing tomorrow, June 14, 2022." ECF No. 5-3. Around this time, Memory Matters allegedly learned that Chandler had written several social media posts expressing her agitation with TCL and Memory Matters's decisions. Soon after, Memory Matters informed TCL that Chandler was banned from the facility entirely, regardless of vaccination status.  ECF No. 8-15.  Thus, two days after purportedly receiving a religious exemption, Chandler received email correspondence from TCL's nursing program director, Vandy Amason, informing Chandler that she was being expelled from the TCL nursing program and that she was no longer permitted to attend classes or clinicals.  ECF No. 5-4.  The email from TCL informed Chandler that it expelled her from the nursing program due to "three separate social media posts" that she had made about her exemption request, claiming they "were unprofessional and reflect[ed] negatively upon [TCL], the health sciences division, the nursing program, and one of [TCL's] clinical facilities." Id.  TCL further advised Chandler that the posts

2

violated Section III of TCL's "Health Sciences Guidelines for Appropriate Use of Social Networking Websites" contained in TCL's Health Sciences Division Handbook. Id.

Then, on June 21, 2022, TCL withdrew its grounds for expulsion and reinstated Chandler, noting that it would not consider the grounds for removal presented in the June 15 letter "at any point in the future." ECF No. 24-1. Chandler subsequently returned to her classes. According to TCL, Chandler completed her classes on December 9, 2022, graduated from the school, and is now working as a nurse.

On June 22, 2022, Chandler filed the instant lawsuit for injunctive relief against TCL, alleging retaliation for exercising her First Amendment rights and denial of her procedural due process rights, both in violation 42 U.S.C. § 1983. ECF No. 1, Compl. On July 25, 2022, Chandler filed a motion for leave to amend the complaint. ECF No. 15. On November 16, 2022, the court granted in part and denied in part the motion. ECF No. 22. On November 28, 2022, Chandler filed a motion for reconsideration of the court's order. ECF No. 23. TCL responded on December 12, 2022, ECF No. 24, and Chandler replied on December 19, 2022, ECF No. 25. As such, the motion has been fully briefed and is now ripe for the court's review.

## II. STANDARD

### A. Motion to Reconsider

Federal Rule of Civil Procedure 54(b) is the proper avenue by which a party may seek reconsideration of an interlocutory order. Spill the Beans, Inc. v. Sweetreats, Inc., 2009 WL 2929434, at *1 (D.S.C. Sept. 8, 2009). Rule 54(b) provides that

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at

3

<blockquote>
<u>any time</u> before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.
</blockquote>

Fed. R. Civ. P. 54(b) (emphasis added). Under Rule 54(b), the "district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." <u>Am. Canoe Ass'n v. Murphy Farms, Inc.</u>, 326 F.3d 505, 514–15 (4th Cir. 2003) (citations omitted); <u>see</u> <u>Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 12 (1983) (noting that "every order short of a final decree is subject to reopening at the discretion of the district judge"). Compared to motions under Rule 59(e) for reconsideration of final judgments, "Rule 54(b)'s approach involves broader flexibility to revise interlocutory orders before final judgment as the litigation develops and new facts or arguments come to light." <u>Carlson v. Bos. Sci. Corp.</u>, 856 F.3d 320, 325 (4th Cir. 2017) (citation omitted).

"The Fourth Circuit has offered little guidance on the standard for evaluating a Rule 54(b) motion" but has noted that Rule 54(b) motions "are 'not subject to the strict standards applicable to motions for reconsideration of a final judgment.'" <u>Ashmore v. Williams</u>, 2017 WL 24255 at *2 (D.S.C. Jan. 3, 2017) (quoting <u>Am. Canoe Ass'n</u>, 326 F.3d at 514). Even so, "district courts in the Fourth Circuit . . . look to the standards of motions under Rule 59 for guidance."[1] <u>Id.</u> (citations omitted). As such, Rule 54(b) reconsideration is appropriate "(1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice." <u>Id.</u> (citation omitted); <u>Carlson</u>, 856 F.3d at 324.

---

[1] Chandler brings her motion for reconsideration under Federal Rule of Civil Procedure 59(e). <u>See</u> ECF No. 23 at 1. Since Rule 59(e) and Rule 54(b) are based on the same standards, the court can evaluate Chandler's arguments without requesting that the parties re-brief the issue.

**B. Motion to Amend Complaint**

Federal Rule of Civil Procedure 15(a)(1) provides:

A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). "In all other cases a party may amend its pleading only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "A motion to amend should be denied 'only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" HCMF Corp. v. Allen, 238 F.3d 273, 276 (4th Cir. 2001) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999)) (emphasis in original). "A proposed amendment is futile . . . if the claim it presents would not survive a motion to dismiss." Save Our Sound OBX, Inc. v. N.C. Dep't of Transp., 914 F.3d 213, 228 (4th Cir. 2019) (internal quotation marks and citation omitted). As such, "[w]hen determining whether a proposed amendment is futile, a court should construe the amendment in the light most favorable to the party moving for amendment." Citibank USA, Nat'l Ass'n v. Ragsdale, 2006 WL 8438585, at *1 (E.D.N.C. Dec. 6, 2006).

### III.  DISCUSSION

In her original motion for leave to amend, Chandler sought to amend the complaint to add three TCL administrators as additional defendants and to add injuries and resulting damages for emotional distress, humiliation and embarrassment, loss of enjoyment of life, and other damages resulting from further retaliation by people

5

involved with TCL. ECF No. 15 at 1. The court granted in part and denied in part the motion. ECF No. 22. Specifically, the court held that Chandler had shown there would be limited prejudice from allowing her to amend the complaint to include her newly-asserted damages. However, the court ruled that Chandler could not amend the complaint to add three defendants: Vandy Amason ("Amason"), Joey Swearingen ("Swearingen"), and Leslie Worthington ("Worthington").

Now, in her motion for reconsideration, Chandler argues that the court committed clear error and manifest injustice by denying leave to add the three putative defendants. Chandler argues that the amendment is necessary for her to assert three types of claims: (1) Chandler's original First Amendment retaliation claim, (2) Chandler's new allegations of First Amendment retaliation, and (3) Chandler's allegations of a violation of due process. The court first addresses Chandler's argument about her original First Amendment claims and then addresses her claims about her due process and newly-asserted retaliation claims together. The court ultimately concludes that Chandler's motion should be denied.

### A. Original First Amendment Claims

In her original motion to amend, Chandler argued that adding Amason, Swearingen, and Worthington was necessary for her to pursue the First Amendment retaliation claims raised in her complaint. ECF No. 15 at 10–11. The court denied the motion, reasoning that information about these three defendants would have already been known to Chandler, and there was some evidence that Chandler intentionally delayed including them as parties until TCL rejected Chandler's settlement offer.

Chandler argues that the court erred in that conclusion because the "clear weight of the evidence" shows that the TCL administrators' involvement was unknown to Chandler at the time she filed the complaint. ECF No. 23 at 8 (quoting United States v. Martinez-Melgar, 591 F.3d 733, 738 (4th Cir. 2010)). This conclusion is unsupported by the record. In its order on the motion to amend, the court noted that the complaint named Amason as the TCL administrator who notified Chandler that she was being expelled from TCL's nursing program. ECF No. 22 at 12 (citing Compl. ¶¶ 84); see also ECF No. 15 at 3 (citing ECF No. 15-4). This was reflected in the email sent by Amason on June 15, which was attached to the complaint, notifying Chandler that she was being expelled because her social media posts violated the school's handbook. ECF No. 1-10.

Additionally, as part of her complaint and motion to amend, Chandler attached a letter that was sent by Swearingen to Chandler on May 9, 2022. In the letter, Swearingen wrote that he was one of the individuals who had been addressing the issue with Chandler, had taken the concern to a state lawyer, and was relaying the decision to deny Chandler's exemption request. ECF Nos. 1-2, 15-1. As part of her complaint, Chandler also attached a grievance denial letter sent by Worthington on May 30, 2022. ECF No. 1-4. Chandler emailed Worthington to appeal the grievance denial on June 1. ECF No. 1-11. Finally, although the court only noted the reference to Amason by way of example, ECF No. 22 at 12, the complaint mentions each of Amason, Swearingen, and Worthington by name. For example, the complaint alleges the following:

> On November 29, 2021, Plaintiff received an email from TCL's Assistant Dean of Health Sciences, Joey Swearingen, stating that he and Vandy Amason would not allow Plaintiff to submit religious or medical exemption requests to TCL clinical affiliates . . . . On November 30, 2021, Plaintiff responded by email to Swearingen notifying him that she would like to

7

>   formally appeal <u>his and Amason's decision</u> and Swearingen referred Plaintiff to TCL Student Services.

Compl. ¶¶ 23–24 (emphases added).  Later, the complaint alleges that Chandler's religious- and medical-exemption requests "were denied by Swearingen and Amason." Compl. ¶ 27.

Although those records and references were not all directly referenced by the court, they made up the record prior to the court's issuance of the order on the motion to amend.[2]  Now, in her motion to reconsider, Chandler argues that the court erred in concluding that Chandler delayed bringing a motion to amend despite having the necessary information.  Chandler claims she could not have known who was responsible for making the decision to expel her at the time that she filed the complaint due to several factors, including the urgency behind the complaint and motion for injunctive relief, which resulted in minimal opportunity for investigation, and the fact that TCL allegedly did not follow its own policies for handling expulsions.  ECF No. 23 at 9–10.

Chandler's arguments fail to move the needle.  As TCL notes, discovery in this case had not begun at the time Chandler filed her motion to amend, so it is unclear what prompted the sudden change.  ECF No. 24 at 11; <u>see also</u> ECF No. 15 at 10 (explaining, in Chandler's brief, that "discovery has not even begun").  Chandler explains that the

---

[2] To the extent Chandler still objects to the inclusion of the evidence, the court notes that "[w]here reconsideration is sought due to manifest injustice, the moving party can only prevail if it demonstrates that the injustice from the case is apparent to the point of being almost indisputable." <u>LaFleur v. Dollar Tree Stores, Inc.</u>, 2014 WL 2121563, at *3 (E.D. Va. May 20, 2014) (quoting <u>Shirlington Limousine & Transp., Inc. v. United States</u>, 78 Fed. Cl. 27, 31 (2007)).  In other words, no manifest justice occurs when requiring the moving party to be bound by the court's prior order "will not result in prejudice to either party."  <u>Id.</u>  Here, even though the court did not fully note Chandler's exhibits and allegations in its order, manifest injustice has not resulted because the court would have reached the same decision anyways.

"opportunity to investigate the process that led to TCL's decision to expel her" only arose "after [she] filed her original emergency complaint for injunctive relief." ECF No. 23 at 12 n.6. But Chandler does not expand any further on what she was able to subsequently discover,[3] and indeed, the only change in circumstance that the court readily identified in its order was the failure of the parties to settle, prompting Chandler to bring her claims against the TCL administrators personally in an email. Setting that email aside for now, the court nevertheless finds it was not clear error or manifest injustice to conclude that Chandler could have alleged claims against the TCL administrators in her original complaint.

Chandler also argues that, at most, the court's order only recognized that "Amason inform[ed] her of the decision," but there was no indication "Amason actually made the decision to expel her." ECF No. 23 at 10 (emphasis in original). This argument attempts to move the goalposts. In her motion to amend, Chandler submitted that the amendments to add the TCL administrators were needed because she "has viable claims for First Amendment retaliation against the three TCL administrators who . . . were responsible for taking the retaliatory action against [Chandler]." ECF No. 15 at 11 (emphasis added). Based on that representation, the court naturally looked to the allegations and evidence submitted about the retaliatory actions taken by the TCL administrators. The complaint's allegations pointed to the fact that Chandler knew the TCL administrators took what she believed were retaliatory actions against her. In any

---

[3] Chandler does briefly argue that disclosing "where" she learned of the facts would require going into matters of attorney-client privilege. ECF No. 25 at 12. Even assuming that is true, the court remains unconvinced the emails and other records in Chandler's possession before were insufficient for her to allege claims against the TCL administrators.

9

event, the records attached by Chandler before or contemporaneously with her motion to amend further show that she had at least some evidence that the TCL administrators made the decision to expel her. Based on those records, the court finds that the decision's did not amount to clear error or manifest injustice.

To be sure, it is unclear whether the mere withholding of facts or allegations alone constitutes the bad faith necessary to deny leave to amend. Compare E.E.O.C. v. DHD Ventures Mgmt. Co. Inc., 2015 WL 9093718, at *3 (D.S.C. Dec. 16, 2015) (holding that the mere fact that the EEOC knew or should have known of the grounds for the amendment was not a sufficient reason to deny leave to amend), with Essentia Ins. Co. v. Darden, 2021 WL 9969305, at *3 (E.D. Va. Nov. 5, 2021) ("An amendment is offered in bad faith 'when a party has [unduly] delayed in seeking an amendment after the basis for the amendment becomes known.'" (internal quotation marks and citation omitted, alteration in original)). In addition to the delay, the court also found that an email sent by Chandler's counsel—which indicated that should the parties fail to settle, Chandler intended to file the amended complaint naming the TCL administrators as defendants—tipped the scales enough to find prejudice and/or bad faith. ECF No. 22 at 12–13.

Along those lines, the court turns to the parties' arguments about the court's reliance on a case decided by the Middle District of North Carolina, GSS Properties v. Kendale Shopping Center, 119 F.R.D. 379 (M.D.N.C. 1988). As a preliminary matter, the court notes that it did not exclusively rely on Kendale. As the court's order explained, the circumstances in this case did not rise to the level of those in Kendale, ECF No. 22 at 13, and Chandler correctly interpreted the court's order as stating that it could reach no definitive ruling on the purpose of the email, ECF No. 23 at 8. Even

affording Chandler the benefit of doubt, however, the court found that when coupled with the delay, the prejudice or bad faith standards were met. ECF No. 22 at 13. Nothing in Chandler's motion suggests that this conclusion amounted to clear error or bad faith. Rather, cases like Darden suggest that a finding of "bad faith" does not need to entail a pejorative connotation. 2021 WL 9969305, at *3 ("Timing is a key consideration in assessing both whether an amendment is prejudicial and whether it is offered in bad faith . . . . A plaintiff's diligence in filing the amended complaint indicates an absence of bad faith."). In other words, the court does not have to find that Chandler's conduct rose to the level of the egregious conduct seen in Kendale for it to find bad faith. For those reasons, the court denies Chandler's motion as it relates to her First Amendment claim.

### B. Additional First Amendment and Due Process Claims

In her motion to reconsider, Chandler notes that the court granted leave to amend the complaint to add additional allegations of First Amendment retaliation but erred by not allowing Chandler to assert new claims against the TCL administrators who allegedly retaliated. Chandler also argues that TCL failed to respond to Chandler's proposed amendments regarding the TCL administrators' violation of her due process rights, and the court similarly failed to address the issue.

Regarding the due process claims, the court finds that its prior analysis on the original First Amendment claims applies equally here. Just as the court found that Chandler unduly delayed in asserting claims against the TCL administrators who "were responsible for taking the retaliatory action" against Chandler, the court also finds that Chandler delayed in raising claims "for failing to provide her notice and an opportunity [to] be heard." ECF No. 15 at 11. For example, the grievance appeal sent by Chandler

on June 1, 2022, suggests that she understood the denial—which she claims deprived her of due process—came from Worthington. See ECF No. 1-11 ("I received word yesterday of your denial regarding my grievance.") (emphasis added).

As for Chandler's argument that the TCL administrators are necessary to her newly-asserted retaliation claims, the court finds that it was not clear error or manifest injustice to narrowly construe her claims as against TCL only. Chandler is certainly correct that the court leniently agreed to allow Chandler to add those allegations, despite its skepticism about the viability of the claims. ECF No. 22 at 11 n.2. But none of the six new allegations of retaliation, as they were articulated by Chandler, specifically named Amason, Swearingen, or Worthington. Rather, as the court noted, the allegations ranged from claims of retaliation by Chandler's counsel to claims that "a chaperone and speech monitor" were made to follow Chandler around. Id. (citing ECF No. 19 at 10–13).

Even if Chandler had specifically mentioned the TCL administrators, it was not clear error or manifest injustice for the court to narrowly construe the proposed claims. By Chandler's own admission, the new allegations of retaliation were raised for the very first time in Chandler's reply brief. See ECF No. 23 at 5 (referencing "[t]he new allegations of retaliation described in Plaintiff's Reply Brief"); ECF No. 19 at 10 (noting, in the reply brief, that some of the instance of retaliation took place after the filing of the motion to amend). Chandler argues that TCL should have sought leave to file a sur-reply. ECF No. 25 at 3 ("TCL did not make a request to the Court to file a sur-reply to address the new allegations of First Amendment retaliation raised in Plaintiff's reply."). Contrary to that assertion, however, Chandler arguably should have filed a new motion to

12

amend if she believed there were even newer allegations that warranted a second or modified motion to amend. Replies to responses are disfavored in this jurisdiction, Local Civil Rule 7.07 (D.S.C.), and "[t]he court generally declines to consider arguments raised for the first time in a reply brief," McGlothlin v. Hennelly, 2020 WL 1876275, at *12 (D.S.C. Apr. 15, 2020). Therefore, even without a sur-reply, the court's decision to narrowly construe Chandler's arguments for an amended complaint did not amount to clear error or manifest injustice.

## IV.   CONCLUSION

For the reasons set forth above, the court **DENIES** the motion to reconsider.

**AND IT IS SO ORDERED.**

                             **DAVID C. NORTON**
                             **UNITED STATES DISTRICT JUDGE**

**April 20, 2023**
**Charleston, South Carolina**